[Cite as *Mabe v. Ohio Dept. of Transp.*, 2015-Ohio-4858.]

## IN THE COURT OF CLAIMS OF OHIO

SHERRY MABE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2015-00153-AD

Clerk Mark H. Reed

MEMORANDUM DECISION

{¶1} Plaintiff Sherry Mabe filed this claim on February 27, 2015 to recover damages which occurred when her 2001 Jeep Cherokee vehicle struck a loose reflector that was kicked up into her driveway which is off State Route 39 in Mansfield, Richland County, Ohio. State Route 39 is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $585.00.

{¶2} In order to recover on a claim for roadway damages against the Ohio Department of Transportation, Ohio law requires that a motorist/plaintiff prove *all* of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by the defendant.

{¶4} That the defendant knew or should have known about the dangerous road condition.

{¶5} That the defendant, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the court finds that the plaintiff did prove that her vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by the defendant.

**{¶7}** The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous condition.

**{¶8}** Based on the evidence presented, the court is unable to find that the defendant had actual knowledge of the dangerous condition. Likewise, the court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger. Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of…Notice presumed by law to have been acquired by a person and thus imputed to that person." (Black's Law Dictionary at 1090 8th Ed. 2004.)

**{¶9}** In order for there to be constructive notice a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence. This the plaintiff has been unable to do.

**{¶10}** In the investigation report filed May 7, 2015, the defendant stated that the location of the incident was off of SR 39 in Richland County located at mile marker 9.4. This section of the roadway has an average daily traffic count of between 5,830 and 7,100 vehicles. Despite this volume of traffic, the department had received no notice of loose reflectors or other debris on this road thus, the court is unable to find that the department knew about the loose reflector. Within the past six months, the department had also conducted ninety (90) maintenance operations on SR 39 in Richland County without discovering any debris or loose reflectors. A review of the inspections performed by ODOT and submitted to the Court does not show a report of missing reflectors.

**{¶11}** Finally, it must be pointed out that under Ohio law, the burden of proof in civil claims like this one rests on the plaintiff. Admittedly, this places a difficult task on a plaintiff in a loose reflector claim against ODOT. However, this is the law that is binding on this court at the present time.

{¶12} If a reflector were loose for any appreciable length of time it is probable that it would likely have been discovered by the department's work crews.  Thus, the court cannot find that the department should have known about this loose reflector.  Finally, the law in Ohio is that the department is not an absolute insurer of a motorist's safety on the highway.  The department is only liable for damage when the court finds that it was negligent.  This the court is unable to do.

{¶13} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

## IN THE COURT OF CLAIMS OF OHIO

SHERRY MABE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2015-00153-AD

Clerk Mark H. Reed

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
MARK H. REED
Clerk

Entry cc:

Sherry Mabe
2279 State Route 39
Mansfield, Ohio  44903

Jerry Wray, Director
Ohio Department of Transportation
1980 West Broad Street
Mail Stop 1500
Columbus, Ohio  43223

Filed 6/8/15
Sent to S.C. Reporter 11/24/15